# Highland Avenue & Belt Railroad Co. *et al. v.* Birmingham Railway & Electric Co.

*Bill in Equity for an Injunction.*

1. *Bill by street railway company for injunction; admissibility of ex parte affidavits.*—In a suit in equity by one street railway company to enjoin another from laying its track on a certain street occupied by complainant and which would cross its double tracks, upon the ground that the putting of another track upon said street will be greatly dangerous for the use of said street, it is error for the court, on the hearing of a motion to dissolve the injunction upon the denials of the answer, to exclude *ex parte* affidavits offered by complainants, which were seasonably brought forward and of which timely notice was given, and which were made by men who were familiar with the locality, and which supported the averments of the bill that were denied by the answer.

2. *Same; when injunction should not be dissolved.*—Where in a bill filed by one street railway company to enjoin another from laying its track upon a certain street occupied by the complainant, and from crossing complainant's double tracks, it is averred that the street was too narrow for another track, that the laying of it thereon would prevent, or render greatly dangerous, the use of the street by vehicles, pedestrians and the cars of the two railroads, that the crossing proposed would be on a curve where the grade was steep, and that there was another feasible route of not much greater length, by the adoption of which all the dangers, inconveniences and obstructions to the complainant and the public, incident to the proposed route, would be entirely avoided, and the answer of the defendant, while denying the other material averments of the bill, admitted that the crossing would be on a curve and grade, and that the defendant had another feasible and practicable route, and the averments of the bill not admitted by the answer are sustained and proven by *ex parte* affidavits of men familiar with the locality, it is error for the court, upon mo-

tion of the defendant, on the grounds of the denials of the answer and the want of equity in the bill, to dissolve the temporary injunction issued upon the filing of the bill.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The appeal in this case is by the complainants in a bill filed in the chancery court against the appellee, from a decree rendered in said cause dissolving the temporary injunction, which was issued in accordance with the prayer of the complainants upon the filing of their bill.

The assignments of error call into question the rulings of the trial court in excluding *ex parte* affidavits offered by the complainants at the hearing of the respondent's motion to dissolve the injunction, and the rendition of a decree dissolving the injunction.

ALEX T. LONDON and JOHN F. MARTIN, for appellants. 1. The court erred in refusing to admit the *ex parte* affidavits. These affidavits were offered in support of the averments of the bill for the purpose merely of enlightening the mind and conscience of the court upon questions calling for action in advance of legal testimony. If the averments of the bill be true, the crossing the appellee desires to make is a nuisance, not only to appellant, but to the entire public. Each citizen of Birmingham has an interest in Eleventh Avenue, South, which appellee, by the construction of a third track, desires to practically consume. The rule in regard to the admissibility of *ex parte* affidavits, upon the hearing of interlocutory motions, is not so strict as formerly.—*Henry v. Watson*, 109 Ala. 335 ; *M. K. & T. R. Co. v. Texas, &c., R. R. Co.*, 10 Fed. Rep. 497.

The equity of the bill rests largely upon the fact that the appellee desires to cross appellant's track on a grade and curve, which is alleged to be at a dangerous point and which would seriously interfere with the operation and management of its trains of cars, increase its schedule time to the city of Birmingham, increase the probability of collisions between the trains of appellant and appellee, as well as between appellant's trains and the travelling public, and would consume practically the remaining portion of said Eleventh Avenue, South, at the point mentioned and convert appellant's reservation

of twenty-six feet into a public thoroughfare for vehicles
and pedestrians, thereby increasing the probability of
collisions and hazard to life. This case is not therefore
similar to the case of *H. A. & B. R. R. Co. v. Bg'ham
Union R. R. Co.*, 93 Ala. 505, in which case the equity
of the bill rested entirely upon the ownership of the
right of way by the H. A. & B. R. R. Co. over which
the Union R'wy. Co. desired to construct its track. It
appears that the authority of one railroad to cross the
tracks of another is not primary but secondary; the
manner and mode of crossing to be arrived at by con-
tract, and upon failure to agree, the differences to be set-
tled by the proper tribunal. The purpose of the statute
in requiring the latest built rode, where practicable, to
go under or over the road to be crossed, was to guard
against collisions at crossings and was, therefore, passed
in the interest of the travelling public. In the case of
the *Bg'ham Mineral R. R. Co. v. Jacobs*, 101 Ala. 149, in
construing section 1145 of the Code of 1886, the court
held that a dummy line was a railroad within the term
of the statute.—Code of 1886, § 1145. The same pur-
poses are served and the identical ends are sought to be
reached in the concluding part of Section 1582 of the
Code; and the same principle of interpretation should
likewise apply to this statute. Conceding, therefore,
that the same principles which govern the intersection
of railroads apply equally to street railroads, the equity
of the bill is supported by the following authorities : *M.
K. & T. R. R. Co. v. Texas*, &c., *R. R. Co.*, 10 Fed. Rep.
497 ; *H. & S. R. Co. v. Chicago*, &c., *R. R. Co.*, 35
Amer. & Eng. R. R. Cas., 263 ; *Toledo*, &c., *R. R. Co.
v. Detroit*, &c., *R. R. Co.*, 28 Amer. & Eng. R. R. Cas.,
280 ; *Baltimore & C. V. R. R. Co's.*, Appeal, 3 Amer. &
Eng. R. R. Cas., 242 ; *Pittsburg*, &c., *R. R. Co. v. S. W.
Penn. R. Co.*, 77 Pa. St. 173 ; *Packer v. Railroad Co.*, 19
Pa. St. 211.

WALKER, PORTER & WALKER, *contra.* — 1. Appel-
lants assign as error the action of the lower court in re-
fusing to admit certain *ex parte* affidavits on the hearing
of the motion to dissolve the injunction. We do not
think the court erred in its rulings on these affidavits.
We know of no rule of practice or of no law which al-
lows such affidavits introduced. The motion was to dis-

solve an injunction on the denials of the answer, and on the ground that there was no equity in the bill. The lower court should then look only to the bill and answer in determining the question of the dissolution of the injunction; and *ex parte* affidavits are not admissible. Appellants seek, by these affidavits, to take the place of depositions of witnesses which should be introduced on the final hearing of the cause, and there is no rule or law authorizing such procedure.

2. It is nowhere alleged in said bill that appellee was insolvent. Under the decision of *H. A. & B. R. R. Co. v. B. Un. R. Co.*, 93 Ala. 505, we think that the chancellor's decree dissolving the injunction must be affirmed. There is no irreparable injury shown to follow to appellants or any one of them by this building of appellee's track in the street or in building across appellant's track. The retention of the injunction would occasion more injury and inconvenience than could follow from its dissolution. In a case like this one, a court of equity should not interfere by way of injunction, but parties should be left to their remedies at law.

McCLELLAN, J.—This bill is filed by the Highland Avenue & Belt Railroad Co. and the Columbian Equipment Co., for the purpose of enjoining the Birmingham Railway & Electric Co. from constructing a railway and laying its track on and along Eleventh Avenue between Nineteenth and Twentieth Streets, in the city of Birmingham, and there crossing the tracks of said complainant railroad company. The equity of the bill is rested on the claim that complainants are the owners to the exclusion of the public of twenty-six feet of and along the middle of said street, that respondent has not compensated, nor offered to compensate, them for the use of the crossing it proposes to take, nor taken any steps to condemn the same; and also upon the averments that said street is too narrow for the proposed track in addition to the two tracks of complainants already upon it, there being only from ten to twelve feet between complainants' tracks and the curbing on either side, that if another track is put in said avenue it will prevent or render greatly dangerous the common use thereof by vehicles and the cars of both roads, &c.; that the crossing is proposed to be made at a curve in com-

plainants' tracks, where also the grade of their tracks is a very steep one ; that these facts add to the danger of collisions, &c. ; and that respondent can easily reach the objective point of its proposed track by building on another feasible route which is only a block and a half longer than that now proposed and which would not intersect or cross complainants' tracks at all, &c. Other facts supposed to impart, or to aid in imparting, equity to the bill are averred, but we deem it unnecessary to particularly refer to them here. An injunction issued on the filing of the bill, in accordance with its prayer. The respondent answered the bill denying all the averments set forth above, as well as the other averments of the bill, except that it is admitted that the point of the proposed crossing is on a curve and a grade in complainants' tracks, but alleges that said grade is not a steep, but a light one, and that the dangers apprehended by complainants because of such grade at the point of crossing will not ensue ; and except also that the answer virtually admits that the respondent could, by adopting the other route suggested in the bill, reach the objective point of the proposed track without crossing the complainants' tracks, at all ; but the answer avers that the increased length of such track would be two blocks, or about eight hundred and fifty feet.

The answer was filed October 9, 1895. On November 9th following, respondent filed its motion to dissolve the injunction upon the grounds (1) the denials of the answer, and (2), that there is no equity in the bill. On the 22d of the same month, complainants served notice on the respondent that they would offer certain *ex parte* affidavits as evidence in support of the bill on the hearing of the motion to dissolve. The motion was heard, it seems, on January 24, 1896 ; or, at least the decree dissolving the injunction was then rendered. We have referred to these several dates to show that the affidavits were seasonably brought forward—in time for respondent to have filed counter affidavits—and that complainants submitted the motion on their part on the affidavits as well as the bill.

The chancellor excluded these affidavits at the hearing. We think they should have been received. The affiants were men of familiar acquaintance with the locality of the proposed extension and crossing of respondent's rail-

[Highland Ave. & Belt R. R. Co. *et al.* v. B'gham R'y & E. Co.]

way. Their testimony is to the effect that the existing tracks of complainants' road, two in number, including the cross-ties, occupy all of Eleventh Avenue between Nineteenth and Twentieth Streets, from curb to curb, except a space of about twelve feet on one side and ten on the other ; that if another track is put in said avenue it will effectually prevent or render extremely hazardous the common use of the avenue by wagons, carriages and other private vehicles, pedestrians and the cars of the two railroads ; that the danger of collision will be very great, and that in their judgment to put another track on said street would destroy its use for other purposes, &c. This evidence goes to show that the construction of the proposed track would be the creation of a public *nuisance.* It was to this end solely that the affidavits were offered, and for this purpose they are clearly admissible under the rule declared in *Barnard v. Davis,* 54 Ala. 565.

These affidavits, in our opinion, sustain the averments of the bill in respect of the matters to which they relate, the denials of the answer to the contrary notwithstanding. Taking said averments as true, and looking to the fact averred in the bill and virtually admitted in the answer, that respondent has another feasible and practitable route for its proposed track, of not much greater length, by the adoption of which all the dangers, inconveniences and obstruction to the existing road and to the public incident to the proposed route will be entirely avoided, it is clear to our minds that the injunction should not have been dissolved. On the state of facts we have set forth, complainants will be greatly damaged by the building of the proposed road, and the injury is not of a sort to be fully compensated for by any money recovery they might have of the respondent in the event the other averments of the bill are sustained at the final hearing : it is, in this sense, irreparable ; while, on the other hand, no great, and, certainly, no irreparable injury would result to the respondent by being forced—if its exigencies can not await the final determination of the case—to construct its line over the other route. If all right to the route now proposed be established on the final hearing, its remedy for the damages resulting from having, in consequence of the injunction, to build a slightly longer track, or from the delay in constructing this one, is plain, adequate and complete.

Upon these considerations the decree dissolving the injunction must be reversed. A decree will be here entered overruling the motion to dissolve and reinstating the injunction.

Reversed and rendered.