# Montgomery Light & Water Power Co. *v.* Citizens' Light, Heat & Power Co.

*Bill in Equity by Electric Light Company to Enjoin another Electric Light Company from Stringing its Wires along a Street of a City.*

1. *Bill to enjoin stringing of wires along the street; condition of ordinance; does not change the rule as to necessity of averments of facts.*—Where an electric light company which is operated in a city, and has its wires strung upon poles along the streets of said city, files a bill to enjoin another light company from stringing its wires along a street which is occupied by the complainant, and it is averred that the defendant company held a franchise from said city for the purpose of furnishing electric light, power, etc., and that said franchise contained a special proviso which obligated the defendant to so erect its poles and wires as "not to interfere with the poles and wires of complainant," the existence of such proviso in the franchise granted to the defendant, does not change the rule of law that the complainant in seeking its injunction must by its bill show the necessity for the injunction prayed for by the statement of facts, and not by the mere statement that the complainant will be irreparably damaged.

[Montgomery Light & Water Power Co. v. Citizens' Light, Heat & Power Co.]

2. *Same; same; same.*—In such a case where the averments of the bill upon which the prayer for an injunction is based, are that complainant "is informed and believes, and upon such information and belief avers the facts to be that" the defendant intends to proceed and string its wires on poles already erected on said street, and make necessary connections therein, which "will interfere with the poles and wires of your orator, and irreparably damage your orator's wires and make it impossible for your orator to furnish lights," etc., according to contract, and that said defendant has connected its wires with one place of business along said street, and is furnishing light thereto, and that "it is dangerous to the life and property of the citizens of Montgomery for the defendant to be allowed to connect its wires," in the manner above stated, such averments are mere conclusions of the pleader, and are insufficient, in that they do not set out facts upon which issue can be joined, testimony taken and a decision had as to whether irreparable injury will be inflicted or danger incurred, etc.

3. *Electric light companies; no exclusive right in the streets of a city.*—It is not within the power of a municipal corporation to grant any exclusive privilege in its streets to another corporation, so as to deprive itself of the right to revoke the same and grant like privileges to another corporation.

4. *Same; same.*—Where a municipality has granted to a corporation the right to use its streets for a public utility, it has the right to grant like privileges to another corporation and to provide such restrictions and regulations as are necessary to prevent injury to the property of the first occupant and to prevent an interference with the discharge of its duties assumed to the public, and where such interference involves danger to the public, the courts will prevent it even without an ordinance upon bill properly filed.

5. *Municipal corporations; when resolution not of a permanent character.*—An ordinance passed by the city council of a municipality, granting permission to an electric light company to maintain for a period of twenty days its line of wire, as then strung along a certain designated street in said city, and to make all necessary connections therewith, and which provide that the same should not become effective unless officials of the company obligate themselves "at the expiration of twenty days to replace said wires in accordance with such ordinance and regulations of the city code as may then be in force," is not a resolution of a permanent character within the

[Montgomery Light & Water Power Co. v. Citizens' Light, Heat &
Power Co.]

meaning of an ordinance of said city which requires the vote
of the majority of the members of the city council to adopt a
resolution or ordinance of permanent operation.

6. *Electric light companies; rights of competing companies to use
all streets.*—Where an electric light company has by an ordi-
nance of a city been granted the right to erect its poles and
string its wire along the street of said city, it has no special
rignts in the streets of said city except as granted by the
municipal authorities, and such company does not acquire
rights over any distinct or separate part of the street, such
as the right of way of a railroad company over which an-
other company cannot pass without instituting condemnation
proceedings, but the rights of the first electric light company
who occupies the street of said company are subject to the
rights of any other electric light company to which the city
may grant the right to string its wires over the street, sub-
ject only to the right of the first company to be protected
from injury by the stringing of other wires so near as to in-
jure its property or prevent the discharge of its duties to
the public.

APPEAL from the City Court of Montgomery in
Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellant, The
Montgomery Light & Water Power Company, against
the appellee, The Citizens Light, Heat & Power Co., and
prayed for an injunction "restraining the Citizens Light,
Heat & Power Co., its officers, agents and employees,
from stringing its wires, or doing, or performing any
other act contemplated by the resolution in said bill set
forth, and upon a final hearing  *  *  *  *  *  to
make said injunction perpetual."

The other facts of the case are sufficiently stated in
the opinion.  On the submission of the cause upon the
motion to dismiss the amended bill for the want of equity
upon the demurrer to the amended bill and upon the mo-
tion to dissolve the interlocutory injunction for the want
of equity in the bill upon the sworn denials of the answer,
and because the injunction was improvidently granted,
the court rendered a decree overruling the motion to dis-
miss the amended bill, but sustained the demurrer to the

bill as amended, and granted the motion to dissolve the
interlocutory injunction. The complainant appeals and
assigns as error that portion of the decree sustaining the
demurrer to the bill as amended, and dissolving the inter-
locutory injunction.

R. E. STEINER, for appellant.—The following points
constituted the chief equities in complainants's bill, as
understood by complainant: First, That appellee's fran-
chise was obtained from the City Council of Montgomery,
upon the condition, (which condition is incorporated
therein as a part thereof) and distinctly set forth in it,
that the poles and wires of appellee should not be erected
and strung so as to *interfere with the poles and wires of
appellant.* On this proposition alone there was equity
in complainant's bill; and the injunction should have
been retained. Second. It was not incumbent upon ap-
pellants to set up the facts required to be set up by the
learned Judge of the Court below, for the reason that ap-
pellee received its franchise upon the *condition* above
referred to; and if in the exercise of that franchise, ap-
pellee was interfering with the poles and wires of appel-
lant, then I submit most earnestly that the court of
equity was open to appellant to enjoin any such action.

That injunction was the proper remedy.—See Smith on
Municipal Incorporations, § 1623. Although there might
be an adequate remedy at law, still injunction was the
proper remedy.—See Smith, Ibid.

PHARES COLEMAN and CRUM & WEIL, *contra.*—The
averments in neither the original nor amended bill, are
sufficient to authorize the injunction. The injunction
must stand or fall upon the insufficiency of the bill as
originally filed, and cannot be propped up by subsequent
amendments. Therefore, if by reason of the insufficiency
of the averments of the original bill, the injunction was
improvidently issued, it should be dissolved, notwith-
standing equity may be injected into the bill by subse-
quent amendment.—*Caldewood v. Trent,* 9 Rob. (La.)
227; *Barnes v. Dickinson,* 1 Dev. (N. C.) 326; *Renwick*

*v. Wilson,* 6 *Johnson* (N. Y.) 81; *Wayne v. Hockin,* Dickins 255; *Vare v. Glynn,* Dickins, 441; *Walsh v. Smyth,* 3 Bland (Md.) 9, 20; 10 Ency. of Pl. & Pr. 976 &c; *Lehman v. Greil,* 119 Ala. 262.

To authorize an injunction upon the ground of irreparable injury, the averments of the bill of irreparable damage must be supported by the averment of facts and proper charges. The averment of mere conclusions will not suffice; when the injury is uncertain, indefinite, contingent and speculative, injunction will not lie.—*Keller v. Bulington,* 101 Ala. 267; *Bolling v. Crook,* 104 Ala. 138; *Rouse v. Martin,* 75 Ala. 510; *Kingsbury v. Flowers,* 65 Ala. 486. Complainant can have no monopoly in a street. Everyone using a public street for any purpose, impairs to some extent the enjoyment of every other user. Such an impairment is an incidental injury for which there can be no judicial redress.—*Am. Tel. & Tel. Co. v. Morgan County Tel. Co.,* 138 Ala. 597; *Light Co. v. Light & Gas Co.,* 94 Ala. 374; *Tel. Co. v. Francis,* 19 So. Rep. 3.

Lawful acts, under authority, cannot be enjoined, no matter how damaging. Everything the defendant did in this case was done under authority, so far as the averments of the original amended bill show.—*Am. Tel. & Tel. Co. v. Morgan County Tel. Co.,* 138 Ala. 597; *Birmingham Trac. Co. v. So. Bell Tel. Co.,* 119 Ala. 144; *Cumberland Tel & Tel. Co. v. U. S. Elec. Co.,* 12 L. R. A. 548.

Merely incidental injuries cannot be enjoined.—*Birmingham Trac. Co. v. So. Bell Tel. Co.,* 119 Ala. 144. The damages occasioned to the complainant are not the direct consequence of the construction of the defendant's line, but are incidental damages resulting from their operation, and therefore are not such as against which an injunction would lie.—*Am. Tel. & Tel. Co. v. Morgan County Tel. Co.,* 138 Ala. 597; *C. R. A. & Co. v. U. S. Ry. Co.,* 12 L. R. A. 551; 42 Fed. Rep. 273.

No injunction will be issued to prevent conjectural injuries.—*Kingsbury v. Flowers,* 65 Ala. 484; *Cumberland Tel. Co. v. Cook,* 55 S. W. 153; *Pa. R. R. Co. v. Wilming-*

ton City R. Co., 38 Atl. Rep. 1070; Printing Co. v. Howell, 28 L. R. A. 476. Temporary interruptions will not be enjoined.—Ft. Clark R. Co. v. Anderson, 49 Am. Rep. 547; Ridge v. R. R. Co., 43 Atl. Rep. 278.

Where a bill is filed seeking an injunction, and the averments of the bill, by reason of which the equitable relief is sought, are denied by a sworn answer, the injunction should be dissolved. The answer to the original bill and to the amended bill, expressly denied the material averments of the bill, and sets forth at length facts which substantiate such denial. It has been repeatedly decided by this court that an injunction must be dissolved upon the sworn denials of the answer.—L. & N. R. R. Co. v. Bessemer, 108 Ala. 238; Hays v. Ahlrichs, 115 Ala. 239, 249; Hartley v. Matthews, 96 Ala. 224; L. & N. R. R. Co. v. Plutyaw, 94 Ala. 463; Jackson v. Jackson, 91 Ala. 292; C. & W. R. R. Co. v. Wetherwood, 82 Ala. 190; Weems v. Weems, 73 Ala. 462; Collier v. Falk, 61 Ala. 105-107.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellee alleging that the complainant (Appellant) held a franchise from the corporate authorities of the city of Montgomery, to furnish electric lights, power, etc., under which it had strung wires on poles erected in the streets of said city.

That the defendant (appellee) had also received a franchise from said city for similar purposes, which contained a special proviso, that its poles and wires should not be erected and strung so as to interfere with the poles and wires of complainant. Also that the city council of said city, at a special meeting on May 30th, 1904, passed an ordinance allowing defendant to maintain, for a period of twenty days, from that date the line of wires then strung on their poles on Dexter Avenue, and to make all necessary connections therewith, but this permission was not to be effective unless the authorized officials of said company addressed a communication to the Mayor obligating themselves at the expiration of said twenty days to replace said wires, in accordance

with such ordinances and regulations of the city Code, as may then be in force.

But the appellant claims that said ordinance or resolution is void because; 1st. That, under the charter of said city all ordinances intended to be of permanent operation, are required to be voted for by eight members of the fifteen composing the council, and another provision prohibits an alderman from voting "on any matter before the council, in which he or his employer has any personal interest," whereas, at the meeting at which this ordinance was adopted there were present only ten aldermen, of whom, two being stockholders in appellee corporation did not vote, but one Ryan, who is an employe, in business, of one Cobbs, who is a stockholder, did vote, thus leaving only seven legal votes. The bill then alleges that defendant "intends to proceed under said resolution to string its wires," etc., and that, if it does so "it will interfere with the poles and wires of orator and irreparably damage orator's wires," etc. And the prayer is for an injunction restraining the defendant "from stringing its wires, or doing or performing any other act contemplated by the resolution." The injunction was granted.

The answer of respondent claims that said last named ordinance, or resolution was not of a permanent nature, hence, there being a quorum present, and a majority of that quorum voting for it, it was properly passed; also claims that it had a right to string its wires and erect polls in the manner provided, even without said last ordinance, or resolution. It also denies fully all the allegations about irreparable injury, and alleges that the erection of the poles and wires as proposed would not interfere with complainant's property, franchise or rights at all. A demurrer is also incorporated in the answer, and complainant amends its bill, alleging that, since the adoption of the resolution by the city council, defendant, acting under the same, has connected its wires on Dexter Avenue with the place of business of one Dan Dowe, and is furnishing him light: That it is dangerous to life and property of citizens of Montgomery for defendant to be allowed to connect its wires as pro-

vided by said resolution. That the meeting at which said resolution was adopted, was a special meeting, and all of the members of the council were not notified. That in the adoption of said resolution the rules were not suspended. That, at said meeting there were only seven qualified voters present, a quorum being eight.

The answer to the amendment, refiles the answer to the original bill, admits connecting its wires with Dowe, but denies that it acted contrary to any city ordinance, or in any way contravened the rights and privileges of complainant, denies all allegations of danger and avers that the present arrangement is less dangerous than the manner directed by the city ordinance before May 30th, 1904; alleges that the special council meeting was regularly and legally called and notice given to each member except Lobman and Sullivan, who were absent from the city both at the time of the call and at the time of the meeting. That, without affirming or denying the suspension of the rules, the ordinance of May 30th, 1904, was temporary in its character, and limited in operation, was reported by the committee having the entire subject of the electrical matters in hand. That said special meeting was called for the purpose of considering and acting on a general ordinance on these matters, but as the council were not prepared to agree on the general ordinances, the resolution in question was adopted for the purpose of giving the privileges thereby conferred temporarily to defendant, until the general ordinance could be considered and adopted. It also alleges that, at said special meeting, there were more than eight present, and a majority of those present voted for it.

· The agreement of counsel, and the assignments of error limit the matters to be considered here to two; to wit; 1st. Whether the court erred in sustaining the demurrers to the bill as amended; and 2nd. Whether it erred in sustaining the motion to dissolve the preliminary injunction.

·· ·The assignments of causes of demurrer are numerous, but in substance they are; 1st. That the city should be made a party to the bill; 2nd. That the complainant has an adequate remedy at law; 3rd. As to the resolu-

tion adopted by the city council, it was not of a perma-
nent nature, consequently required only a majority of
the quorum present to adopt it, and, if the rules should
have been suspended to pass it, that was a mere irregular-
ity, which would not make the resolution void; 4th.
That, it does not appear from the bill that there was any
reasonable apprehension that defendant was about to
commit any wrongful or unauthorized act to the injury
of complainant; 5th. That the allegations of the bill
were mere conclusions of the pleader, and not statements
of facts.

In the argument of counsel the particular causes of
demurrer are not discussed, but appellant admits that,
if its bill was "an effort to secure the relief sought, as
in the cases of *Birmingham Traction Co. v. Sou. Bell
Tel. Co.*, 119 Ala. 144; *H. A. & B. R. v. Birmingham Ry.
& Elec. Co.*, 113 Ala. 239; *Am. Tel. Co. v. Morgan Co.
Tel. Co.*, 36 So. Rep. 178," then the demurrer should be
sustained, and he alleges that the chief equities of the bill
consist in the facts; 1st. That appellee's franchise
was obtained from the city council upon condition that
the poles and wires of appellees should not be erected and
strung so as to interfere with the poles and wires of ap-
pellant; and 2nd. That it was not incumbent upon ap-
pellants to set up the facts required by the decree of the
court below, to wit; to state specific facts showing
"how or why or to what extent injury will result to com-
plainant."

The fact that defendant was under a contract obliga-
tion so to erect its poles and wires as "not to interfere
with the poles and wires of complainant" does not change
the rule of law that the complainant, seeking an injunc-
tion must, by his bill, show the necessity for it by the
statement of facts, from which the court may decide, and
not by the mere statement that complainant will be ir-
reparably injured.

The only difference is that if the contract prescribed
any terms different from those which the law would de-
mand, without the special contract, then the allegations
must be of facts which would show a violation of the

contract, (or condition prescribed by the city ordinance)
while, if there were no contract, or ordinance prescrib-
ing conditions, the allegations would have to show facts
from which the law would infer, actionable injury.

So far as the public streets of a city are concerned,
neither party can assert any exclusive rights thereon.
Under the constitution of Alabama, it is not within the
power of a municipal corporation to grant any exclusive
privilege, in its streets to any corporation, so as to de-
prive itself of the right to revoke the same and grant
like privileges to another.—Constitution, § 22; *Birming-
ham & P. M. R. Co. v. Birmingham S. Ry. Co.,* 79 Ala.
465.

Though, unquestionably, the municipality, after grant-
ing to a corporation the right to use its streets for a pub-
lic utility, has the right, in granting like privileges to
another, to provide such restrictions and regulations as
are necsary to prevent injury to the property of the first
occupant, and to prevent an interference with its dis-
charge of the duties assumed to the public, and, where
such inference involves danger to the public, the courts
will prevent it, even without any ordinance.—*Consoli-
dated Electric Light Co. v. Peoples' Electric Light & Gas
Co.,* 94 Ala. 372.

In the present case it is shown that the defendant com-
pany, was granted by the city of Montgomery like rights
and franchises on the streets of the city as had been
granted to complainant, with a special proviso "that the
poles and wires of said Citizen's Light Heat & Power
Company should not be erected and strung so as to inter-
fere with the poles and wires of 'the complainant com-
pany.'"

Taking the original and amended bills together, and
for the present pretermitting all questions about the later
ordinance of the city council, the allegations upon which
the prayer for an injunction is based, are, that complain-
ant "is informed and believes, and, upon such informa-
tion and belief avers the facts to be that the said Citizen's
Light, Heat & Power Company, intends to proceed
* * * * and string its wires," (on poles already
erected on Dexter Avenue, and make necessary connec-

tions therewith) which, it is alleged "will interfere with the poles and wires of your orator, and irreparably damage your orator's wires, and make it impossible for your orator to furnish light," etc., according to contract; and second, it is alleged, in the amendment, that said defendant has connected its wires with the place of business of Dan Dowe, and is furnishing him light, and that "it is dangerous to the life and property of the citizens of Montgomery for the defendant to be allowed to connect its wires" in the manner above stated.

These averments are mere conclusions of the pleader, and do not set out facts, upon which issue can be joined, testimony taken, and a decision had as to whether irreparable injury will be inflicted, or danger incurred by the stringing of the wires, or whether, in the terms of the ordinance, the poles and wires of complainant will be interferred with.—*Hays v. Ahlrichs*, 115 Ala. 239; *Schloss v. Steiner*, 100 Ala. 152; *Birmingham Traction Company v. Sou. Bell Tel. & Tel. Co.*, 119 Ala. 151.

So it seems to this court that the court below was correct in saying that much of the bill was devoted to unnecessary complaints about the resolution passed by the city council, of May 20th, 1904. That resolution seems to add nothing to the franchise previously granted to the defendant, further than to recognize the work already done by defendant, in so far as to allow its wires to be connected temporarily, (not permanently as appellant contends). The resolution requires an obligation by defendant, "at the expiration of 20 days to replace said wires in accordance with such ordinances and regulations of the city code, as may then be in force;" consequently, it was not a resolution of that "permanent character" requiring the concurrence of a majority of the entire board, and requiring it to be introduced at one sitting of the board and not passed until the next.

The inference would seem to be that if it was about to construct under this resolution, it would be in accordance with its requirements that the poles and wires of the complainant were not to be injured or interfered with, in accordance with the original ordinance, and that, at

the end of 20 days, said wires were to be replaced in accordance with further directions by the city council. Certainly, without some definite statement of facts; showing how the work was being done, or other facts, from which, if true, the court could say that such injury would be the natural result, the averments of the bill are insufficient and the demurrers were properly sustained.

As to the correctness of the decree of the court, in sustaining the motion to dissolve the preliminary injunction: In addition to the defective averments of the bill, the answers of the respondent, make full denial of the allegations of injury and of danger. Then the question arises whether it is proper for the court to continue an injunction against one party at the instance of another, merely because the latter avers in general terms, that the former, in the legitimate pursuit of its own business is going to so conduct it, as to injure the latter, while the former has given solemn assurance that it will not do so, and, in its answer reiterates the assurance that it is not going to so construct the instrumentalities of its business, as to injure the other.

The general principle of law is that when the sworn answer denies the allegations of the bill upon which the relief is sought, the injunction will be dissolved.—*Hays v. Ahlrichs, supra; L. & N. R. Co. v. Bessemer,* 108 Ala. 239, 249; *Hartley v. Matthews,* 96 Ala. 224; *Jackson v. Jackson,* 91 Ala. 292.

It cannot be said that the constructing of the instrumentalities of defendant on the streets is a nuisance. The ordinance of the city shows that they are not erected without authority of law, and there are no allegations of facts, which show them to be a nuisance. As to the results to the parties from retaining or dissolving the injunction, the allegations of the bill and amendment, and the answer thereto, show that both parties were engaged in the same general business, incurring like burdens and expenses, so that the indications are that the injury resulting to the complainant, from the dissolution of the injunction would probably not be greater than those which would result to the respondent from retain-

ing the same. Neither company has any special rights in the streets, except as granted by the municipal authorities, and when a telegraph, telephone or other electric company acquires rights over streets, it does not acquire a distinct part of the land, such as the right of way of a railroad company, over which another company cannot pass without instituting condemnation proceedings, but its rights are subject to the rights of every other company, to which the city may grant the right to string its wires over the streets, subject only to the right of the first to be protected from injury by the stringing of other wires so near as to injure its property or prevent its discharge of its duties to the public. It seems that, in this instance, the city has placed such conditions on the respondent company as to safeguard these points, and the court committed no error in sustaining the motion to dissolve the injunction.—*B. T. Co. v. S. B. T. & T. Co.*, 119 Ala. 144, 150-1; *A. T. & T. Co. v. M. C. T. Co.*, 138 Ala. 597.

The decree of the court is affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.